**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 12-24086-Civ-COOKE/TURNOFF**

SANDRA CALDWELL,

      *Plaintiff*

vs.

CARNIVAL CORPORATION d/b/a
CARNIVAL CRUISE LINES, INC.

      Defendant.

_____/

**<u>ORDER DENYING DEFENDANT'S MOTION TO DISMISS</u>**

THIS MATTER is before me on Defendant Carnival Corporation's Motion to Dismiss. ECF No. 14. I have reviewed the arguments, the record, and the relevant legal authorities. For the reasons explained in this Order, Defendant's Motion is denied.

**I. BACKGROUND**

On November 13, 2012, Plaintiff, Sandra Caldwell, filed a one-count Complaint alleging that Defendant's negligence caused her to slip and fall while she was a passenger on the *Legend*, a vessel owned and operated by Defendant. Compl. ¶ 9, ECF No. 1.

The facts are taken from the Complaint. On the day of the incident, December 9, 2011, *Legend* was at port in Roatan, Honduras. *Id.* at ¶ 12. Defendant constructed and owned the port, which it named Mahogany Bay, to serve as an element of the cruise experience. *Id.* Mahogany Bay is an isolated property, not within walking distance of any other activities in Roatan, and is comprised of shops owned by or on behalf of Defendant. *Id.* at ¶ 13. The only means of entering or exiting Mahogany Bay from the vessel is a pier, which was designed and built during Defendant's construction of the

port.  *Id.* at ¶ 12.  Construction of Mahogany Bay was completed in 2009 and since then has served as a port for Defendant's cruise ships.  *Id.* at ¶ 14.

Plaintiff alleges that on December 9, 2011, she slipped and fell on the walkway between the *Legend* and Mahogany Bay.  *Id*.  Further, Plaintiff alleges that in the 2-year history of Mahogany Bay, numerous people slipped and fell on that walkway.  *Id*. Although Defendant knew, or should have known that the walkway was slippery, it failed to block off the walkway, provide another means of entering and boarding the vessel, or act to make the walkway less slippery.  *Id.* at ¶ 15.

In her Complaint, Plaintiff lists numerous duties that Defendant allegedly breached.  *Id.* at ¶ 18(a-v).  On December 27, 2012, Defendant moved to dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted pursuant to Federale Rule of Civil Procedure 12(b)(6).  Def. Mot. to Dismiss 1-13. Specifically, Defendant contends that Plaintiff did not plead sufficient facts to demonstrate Defendant breached any duty and that the duties Plaintiff alleges fail as a matter of law.  *Id*.  On January 10, 2013, Plaintiff filed a Response, ECF No. 17, and on January 22, 2012, Defendant filed a reply, ECF No. 22.

## II. LEGAL STANDARDS

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  A plaintiff must articulate "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41 (1957)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  Detailed factual allegations are not required, but a pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of the cause of action will not do." *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 555).  A complaint's factual allegations must be enough to raise a right to relief above speculative level.  *Id.*

"In ruling on a 12(b)(6) motion, the Court accepts the factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff." *Speaker v. U.S. Dept. of Health & Human Servs. Ctr. for Disease Control and Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010).  "A complaint is subject to dismissal for failure to state a claim 'when its allegations, on their face, show that an affirmative defense bars recovery on the claim." *Douglas v. Yates*, 535 F.3d 1316, 1321 (11th Cir. 2008) (quoting *Cottone v. Jenne*, 326 F.3d 1352, 1357 (11th Cir. 2003).

## III. ANALYSIS

### A. Admiralty Jurisdiction Exists in This Case.

Although the parties agree that this case falls within the Court's admiralty jurisdiction, I maintain "an independent duty to ensure admiralty jurisdiction exists before applying admiralty law." *Doe v. Celebrity Cruises, Inc.*, 394 F.3d 891, 900 (11th Cir. 2004) (citing *Norfolk S. Ry. Co. v. Kirby*, 543 U.S. 14, 23 (2004); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93-102 (1998)).  "[A] party seeking to invoke federal admiralty jurisdiction pursuant to 28 U.S.C. § 1333(1) over a tort claim must satisfy conditions both of location and of connection with marine activity." *Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527, 534 (1995).  The Supreme Court has "taken the expansive view of admiralty jurisdiction and stated that in

modern maritime commerce 'the shore is now an artificial place to draw a line.'" *Celebrity Cruises*, 394 F.3d at 901 (quoting *Norfolk*, 543 U.S. at 14).  Further, "[t]he Eleventh Circuit has held that a cruise ship's obligations to its passengers 'extend literally beyond the gangplank,' even to common law torts against cruise ship passengers . . . that occur on land."  *Belik v. Carlson Travel Group, Inc.*, No. 11-21136, 2012 U.S. Dist. LEXIS 141537, at *13 (S.D. Fla. Oct. 1, 2012) (quoting *Celebrity Cruises*, 394 F.3d at 902 (finding admiralty jurisdiction existed where a ship's passenger was assaulted by a crew member at a port-of-call)).  Injuries suffered by cruise ship passengers while on shore excursions and in the port-of-call satisfy the *Grubart* test, invoking admiralty jurisdiction.  *Id.* (citing *Balaschak v. Royal Caribbean Cruises, Ltd.*, No. 09-21196, 2009 U.S. Dist. LEXIS 126949 (S.D. Fla. Sept. 14, 2009)).  In this case, Plaintiff was a passenger on *Legend* at the time of the alleged accident, which occurred while Plaintiff made her way from the cruise ship into Mahogany Bay.  Compl. ¶¶ 9-14.  Thus, Plaintiff properly invoked admiralty jurisdiction in this case.

### B.  Plaintiff Asserts a Valid Negligence Claim.

Defendant challenges the individual provisions within the single count of negligence.  Def. Mot. to Dismiss 3-13.  Specifically, Defendant argues that Plaintiff's allegations regarding Defendant's duty to warn fail because Plaintiff did not sufficiently demonstrate that Defendant had notice of any alleged defects.  *Id.* at 6-7.  Further, Defendant contends that Plaintiff's allegations regarding a duty to monitor and a duty to prevent distractions fail as a matter of law.  *Id.* at 8-10.  Finally, Defendant maintains that Plaintiff's allegation of "negligent method of operation" is not a cognizable claim under general maritime law and that the allegations regarding a failure to comply with

4

"standards, statutes, and/or regulations" fail because Plaintiff did not specify any standards, statutes, or regulations that were violated. *Id.* at 10-13.

Plaintiff responds arguing that Defendant's Motion to Dismiss attempts to "thin-slice" the subparts of Plaintiff's larger single count of negligence and overstates the pleading requirements of Rule 8.  Resp. 19.  Further, Plaintiff responds to each of Defendant's seven arguments contending that each are proper theories of negligence that will be supported, within a broader, valid claim of negligence. *Id.* at 4-20.

"In analyzing a maritime tort case, we rely on general principles of negligence law." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1336 (11th Cir. 2012) (citing *Daigle v. Point Landing, Inc.*, 616 F.2d 825, 827 (5th Cir. 1980)).  "To plead negligence, a plaintiff must allege that (1) the defendant had a duty to protect the plaintiff from a particular injury; (2) the defendant breached that duty; (3) the breach actually and proximately caused the plaintiff's injury; and (4) the plaintiff suffered actual harm." *Id.* (citing *Zivojinovich v. Barner*, 525 F.3d 1059, 1067 (11th Cir. 2008)).  The United States Supreme Court has held that a "shipowner owes the duty of exercising reasonable care towards those lawfully aboard the vessel who are not members of the crew." *Kermarec v. Compagnie Gen. Transatlantique*, 358 U.S. 625, 630 (1959); *see also Stewart-Patterson v. Celebrity Cruises, Inc.*, No. 12-20902, 2012 U.S. Dist. LEXIS 164967, at *10 (S.D. Fla. Nov. 19, 2012).

First, I consider the alleged duty to warn of the dangerous condition of the walkway.  Def. Mot. to Dismiss 6.  A cruise line owes its passengers a duty to warn of known dangers beyond the point of debarkation in places where passengers are invited or reasonably expected to visit. *Carlisle v. Ulysses Line Ltd., S.A.*, 475 So. 2d 248, 251 (Fla.

Dist. Ct. App. 1985); *Chaparro*, 693 F.3d at 1336 (holding that "*Carlisle* is consonant with the federal maritime standard of 'ordinary reasonable care under the circumstances'"). In the present case, Plaintiff has alleged that the walkway on which she slipped is the only way to reach Mahogany Bay from the cruise ship at port. Compl. 12. As the Complaint alleges the walkway was the only manner of reaching the port, Plaintiff pleaded that Defendant reasonably expected passengers of the *Legend* to use the walkway.

The duty to warn "encompasses only dangers of which the carrier knows, or reasonably should have known." *McLaren v. Celebrity Cruises, Inc.*, No. 11-23924, 2012 U.S. Dist. LEXIS 68321, at *24 (S.D. Fla. May 16, 2012) (citing *Carlisle*, 475 So. 2d at 251). Thus, to survive Defendant's motion to dismiss, Plaintiff must allege facts demonstrating that it was "plausible" that Defendant "[knew] or reasonably should have known" of the slippery nature of the walkway.

On this point, I find the decision in *McLaren* to be instructive. In that case, the court considered its previous decisions in both *Koens* and *Joseph*. *Id.* at *24-31 (citing *Koens v. Royal Caribbean Cruises, Ltd.*, 774 F.Supp. 2d 1215, 1218 (S.D. Fla. 2011); *Joseph v. Carnival Corp.*, No. 11-20221, 2011 U.S. Dist. LEXIS 80238, at *2 (S.D. Fla. Jul. 22, 2011)). In those cases, the Court dismissed failure to warn claims regarding passenger injuries that occurred during third party excursions available while the cruise ship was at port. *Id.* at *25-28. In both cases, the Court reasoned that a plaintiff must allege that the defendant had actual or constructive notice of dangerous conditions specific to the excursion, or the place where the injury occurred. *Id.* In *McLaren*, the court distinguished this reasoning, finding that the plaintiff's claim was "narrow and

particular to the dangerous condition that caused her injury" and found that the condition was "a danger that [the cruise line] either knew or should have known about." *Id.* at *29-30.

Similar to *McLaren*, Plaintiff's Complaint in this case sufficiently pleads that Defendant either knew or should have known of the slippery condition of its walkway. *See Carlisle*, 475 So. 2d at 251. In the Complaint, Plaintiff describes the condition of the walkway as "an ongoing, recurring, continuous and/or repetitive problem" and alleges that "for the 2 years before this accident was excessively slippery and in fact caused numerous people to slip and numerous people to slip and fall." Compl. ¶¶ 14, 18(p). Considering these allegations in the light most favorable to Plaintiff, it is "plausible" that Defendant had notice, or *should have had notice* of the dangerous condition. *See Speaker*, 623 F.3d at 1379 (noting that "[i]n ruling on a 12(b)(6) motion, the Court accepts the factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff").

Plaintiff has alleged the specific facts of where the slip and fall occurred and her claim is "narrow and particular to the dangerous condition that caused her injury." Accordingly, Plaintiff's description of where the injury occurred is sufficient to survive the motion to dismiss. *Iqbal*, 556 U.S. 677-678 (noting that Federal Rule of Civil Procedure 8(a)(2) "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation") (citing *Twombly*, 550 U.S. at 555).

Further, even if Defendant did not have constructive notice of the dangers on the walkway, it still may be held liable for the Plaintiff's injuries for allegedly having created

the unsafe or foreseeably hazardous condition.  *See McLean v. Carnival Corp.*, No. 12-24295, 2013 U.S. Dist. LEXIS 35395, at *13 (S.D. Fla. Mar. 14, 2013) (noting that "[w]here it is alleged [] that defendant created an unsafe or foreseeably hazardous condition, a plaintiff need not prove notice in order to show negligence") (quoting *Baker v. Carnival Corp.*, No. 06-21527, 2006 U.S. Dist. LEXIS 88249, at *7 (S.D. Fla. Dec. 6, 2006)).  In *McLean*, the Court held that the plaintiff's allegations, that an unsafe and foreseeably hazardous condition was created by the defendant's design and assembly of the cruise ship's gangway and the defendant's disembarkation procedures, were sufficient to dispense with the notice requirement.  *Id.*  Here, Plaintiff alleged that Defendant's design and construction of the walkway, as well as Defendant's disembarkation procedures were negligent.  Compl. ¶¶ 13, 18(c), (g), (h), (s), 19-23.  Therefore, even if I were to find that Defendant did not have actual or constructive notice of the dangerous condition, no allegation of notice is required to survive the Defendant's Motion to Dismiss.  *McLean*, 2013 U.S. Dist. LEXIS 35395, at *13.

Therefore, Plaintiff sufficiently has pleaded that Defendant breached its duty of "reasonable care under the circumstances" and that Defendant's failure to warn of the dangerous condition proximately caused the Plaintiff's injuries.  As such, Plaintiff has properly pleaded a claim of negligence.  *See Chaparro*, 693 F.3d at 1336.

In her Response, Plaintiff alleges that Defendant's duty of "reasonable care under the circumstances" extended to the process of boarding and disembarking the vessel.  *See* Resp. 15-18.  However, it is unnecessary to consider whether the duty Defendant owed to passengers on its vessel extended to the walkway because I have determined that Plaintiff's pleadings regarding Defendant's duty to warn are sufficient under the standard

articulated in *Chaparro* and *Carlisle*.

It is also unnecessary to consider Defendant's additional challenges to the numerous theories of negligence proposed under the Complaint's single count because Plaintiff sufficiently has already alleged a facially plausible negligence claim.  Even though "certain of the alleged breaches of Carnival's duty of reasonable care may not adequately state a negligence claim, the Court will not strike the alleged breaches in line-item fashion as Carnival requests."  *McLean*, 2013 U.S. Dist. LEXIS 35395, at *13-14 (citing *McLaren*, 2012 U.S. Dist. LEXIS 68321, at *14-15; *Holguin v. Celebrity Cruises Inc.*, No. 10-20215, 2010 U.S. Dist. LEXIS 43638, at *2 (S.D. Fla. May 4, 2010)).

Defendant argues that this Court has previously dismissed "subparts" of a claim by relying on *Lapidus v. NCL Am., LLC*, No. 12-21183, 2012 U.S. Dist. LEXIS 82720, at *2 (S.D. Fla. Jun. 14, 2012).  In *Lapidus*, this Court dismissed certain "subparts" within a single claim with prejudice and dismissed others without prejudice.  *Id.* at *3.  However, I agree with the Court's decision in *McLean*, which considered the application of *Lapidus* as well.  *See McLean*, 2013 U.S. Dist. LEXIS 35395, at *14-15 n.4.  In *McLean*, the Court distinguished *Lapidus* by finding that, in that case, the plaintiff had not sufficiently pled negligence based on any of his alternative theories.  *Id.*  Rather, in both *McLean* and the present case, the plaintiffs "sufficiently plead[] facts supporting a single-count negligence claim on at least one of her theories of liability; consequently, it is unnecessary to determine if the other theories survive at this stage of the litigation."  *Id.* (citing *McLaren*, 2012 U.S. Dist. LEXIS 68321, at *14-15).  Therefore, because *Lapidus* is distinguishable, I will not address Defendant's remaining challenges to Plaintiff's

additional theories of negligence.[1]

**C. The Applicability of the Pennsylvania Rule Can Be Evaluated at a Later Stage.**

In her Complaint, Plaintiff alleges that the Pennsylvania Rule applies to her claim, thus shifting the burden of proof to Defendant.  Compl. ¶ 18(v).  The Pennsylvania Rule typically applies to cases involving a collision or allision and holds that, "[w]hen a ship is involved in a collision and that ship is in violation of a statutory rule designed to prevent collisions, the burden shifts to the shipowner to prove that the violation was not a contributing cause of the collision."  *Am. Dredging Co. v. Lambert*, 81 F.3d 127, 130 (11th Cir. 1996) (citing *Self v. Great Lakes Dredge & Dock Co.*, 832 F.2d 1540, 1554 (11th Cir. 1987)).  The Eleventh Circuit has clarified that it "is not a rule of liability, but shifts the burden of proof as to causation."  *Superior Const. Co., Inc. v. Brock*, 445 F.3d 1334, 1340 (11th Cir. 2006) (citing *Orange Beach Water, Sewer & Fire Prot. Auth. v. M/V Alva*, 680 F.2d 1374, 1381 (11th Cir. 1982)).

Defendant contends that the Pennsylvania Rule is not applicable to the present case because the rule applies only to cases involving collisions or allisions.  Def. Mot. to Dismiss 4-5.  Further, Defendant argues that Plaintiff has not provided what "applicable standards, statutes, and/or regulations" would warrant the application of the Pennsylvania Rule.  *Id.* at 11-12.

In her Response, Plaintiff directs the Court to the attached order in *Scouten v. NCL*, 08-21485-civ-Moreno (S.D. Fla. Mar. 3, 2009) to demonstrate that the applicability

---

[1] Although precedent dictates that I should not dismiss or strike the subparts of Plaintiff's otherwise valid single count of negligence, I caution Plaintiff that Defendant's challenges to the alternative theories of negligence have merit, and several of the subparts likely would have been dismissed in a properly pleaded complaint that did not list the numerous breached duties within one broader count of negligence.

of the Pennsylvania Rule could be taken up at a later point in the proceeding.  Resp. to Def. Mot. to Dismiss 19, Ex. A.

This Court has recently considered the applicability of the Pennsylvania Rule to slip and fall cases occurring during the boarding or disembarking of a cruise ship in *McLean*, as well as in *Scouten*.  *McLean*, 2013 U.S. Dist. LEXIS 35395; *Scouten*, No. 08-21485-civ-Moreno.

First, in *Scouten*, the Court rejected the defendant's alternative request to strike the paragraphs of the complaint invoking the Pennsylvania Rule to a cruise ship passenger's slip and fall while boarding the ship.  *Scouten*, No. 08-21485-civ-Moreno, at *3-5.  Although no collision or allision was pleaded, the Court found that it was "premature" to strike those paragraphs because, prior to discovery, "a collision or allision could *plausibly* have been a contributory cause of [plaintiff's] injuries."  *Id.* at *4.  Therefore, because the plaintiff made a general claim for negligence, and the Pennsylvania Rule only shifts the burden of proof at trial, the Court declined to evaluate the applicability of the rule at that stage.  *Id.* at *4-5.

The Court applied the *Scouten* rationale in *McLean*, where a cruise passenger died of injuries suffered when his electric scooter rolled on top of him as he disembarked the ship.  *McLean*, 2013 U.S. Dist. LEXIS 35395, at *2, 17-18.  Following *Scouten*, the Court held that even though no collision or allision was pleaded, it could evaluate the application of the Pennsylvania Rule at a later stage "and it has no bearing on McLean's other allegations which sufficiently state a negligence claim" because the plaintiff made a claim for negligence, and the Pennsylvania Rule only acted to shift the burden of proof at trial.  *Id.* at *17-18 (citing *Scouten*, No. 08-21485-civ-Moreno, at *4-5).

The pleadings in this case yield nearly identical posture as that in *McLean* and *Scouten*.  As in those cases, Plaintiff has asserted an otherwise valid claim of negligence, and the Pennsylvania Rule only would only act to shift the burden at trial.  Therefore, in accordance with this Court's decisions in both *Scouten* and *McLean*, even though the pleadings give no mention of a collision or allision as a cause of Plaintiff's slip and fall, "[the Court can evaluate the applicability of the Pennsylvania Rule at a later stage." *Id.* at *18 (citing *Scouten*, No. 08-21485-civ-Moreno, at *4-5).

## IV. CONCLUSION

For the foregoing reasons, it is **ORDERED and ADJUDGED** that Defendant's Motion to Dismiss Plaintiff's Complaint, ECF No. 14, is **DENIED**.

**DONE and ORDERED** in chambers, at Miami, Florida, this 30th day of April 2013.

MARCIA G. COOKE
United States District Judge

Copies furnished to:
*William C. Turnoff, U.S. Magistrate Judge*
*Counsel of record*